FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

97-OCT-1 AM 9:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

SAMMY T. SCHILLACI, JR., )
    Plaintiff; )
)
-vs.- )    No. CV-96-P-2994-S
)
JUST FOR FEET, INC. and HAROLD )
RUTTENBERG, )
    Defendants. )

ENTERED

OCT 0 2 1997

## OPINION

The Defendants' Motion For Summary Judgment was considered at the court's September motion docket. For the following reasons, this motion is due to be granted in part and denied in part.

## FACTS[1]

The plaintiff, Sammy T. Schillaci, Jr. ("Schillacci"), began working for the defendant, Just For Feet, Inc. ("JFF"), in July of 1992. Schillaci was absent from work from March 25 to April 22, 1996. Schillaci had surgery for hemorrhoids on March 28, 1996. Mr. Schillaci told his supervisor that he was suffering from hemorrhoids on February 7, 1996 and that he expected that he would require surgery at some point in the next thirty days, but was trying to wait as long as possible in order to finish a work assignment. At that time, Schillaci told his supervisor that he would need between two and three weeks to recover from his hemorrhoid surgery. On March 25, 1996 Schillaci called to tell his supervisor that he was going to have

---

1. This recitation of "facts" is based on the presented materials viewed in the light most favorable to the plaintiff.

the operation. His supervisor was unavailable, so he spoke with his co-worker about his need to have the operation. The Plaintiff also alleges that he was fired on April 22, 1996. Finally, Mr. Schillaci alleges that he was given 500 shares of stock in JFF by Harold Ruttenberg as evidenced by a November 30, 1995 letter from Harold Ruttenberg,

## ANALYSIS

The plaintiff has three claims remaining in this case: 1) a claim under the Age Discrimination in Employment Act ("ADEA"); 2) a claim under the Family Medical Leave Act ("FMLA") and 3) a state law breach of contract/gift claim. The Defendants have moved for summary judgment on all three of these claims.

Under the ADEA, a plaintiff can establish a prima facie case for age discrimination by establishing that they belong to the class protected by the ADEA, that they were discharged, that they were qualified for the position from which the were discharged and that they were replaced by a substantially younger person. *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991); *O'Connor v. Consolidated Coin Caterers Corp.*, 116 S.Ct. 1307 (1996). The Defendant has moved for summary judgment on the Plaintiff's ADEA claim on the grounds that Mr. Schillaci has produced no evidence to create a dispute of fact regarding whether he was discharged and whether he was replaced by someone substantially younger. The court finds that the facts necessary to establish these two elements are in dispute. However, even if the Plaintiff can establish a prima facie case, he has produced no substantial evidence upon which a reasonable jury could determine that the Defendant's articulated non-discriminatory reason for firing the Mr. Schillaci was pretextual. Therefore the Defendants

are due to be granted summary judgment as to the Plaintiff's claim under the ADEA. <u>Carter v. City of Miami</u>, 870 F.2d 825 (11th Cir. 1988).

The FMLA covers employees who give notice to their employer of the need to be absent from work due to a "serious health condition". 29 U.S.C. § 2601 et seq. The facts necessary to establish coverage under the FMLA are in dispute. Therefore, the Defendant's Motion for Summary Judgement is due to be denied on this claim.

On November 30, 1995, Defendant Harold Ruttenberg made a promise to give Schillaci 500 shares of stock in JFF from his personal account. The language of the letter making the promise, and the testimony of Mr. Ruttenberg quoted by the Plaintiff in his brief establish that the 500 shares were to be a gift. This fact is not in dispute. Because a promise to make a gift does not constitute a valid contract and because this gift was never delivered, this promise cannot be enforced and the Plaintiff's claims regarding the 500 shares of stock in JFF are due to be dismissed. See *Dial v. Dial*, 603 So. 2d 1020, 1022 (Ala. 1992)(stating that a completed gift requires delivery and acceptance).

## CONCLUSION

The Defendants are due to be granted summary judgment on the Plaintiff's ADEA claim because there is no substantial evidence of age discrimination to rebut the Defendants' asserted non-discriminatory reason for "terminating" the Plaintiff and they are entitled to judgment as a matter of law. The Defendants are due to be denied summary judgment on the Plaintiff's FMLA claim because of disputes of material fact. The Defendants are due to be granted summary judgment on the Plaintiff's claim regarding the 500 shares of stock because

there is no genuine dispute of material fact and the Defendant is entitled to judgment as a matter of law.

Dated: September 30, 1997

                                                                                           Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. William S. Pritchard, III
    Mr. William S. Pritchard, Jr.
    Ms. Fern Singer
    Ms. Gail C. Washington

4